**Paul JACOBSON, Plaintiff–Appellant,**

v.

**DEUTSCHE BANK A.G., Edson Mitchell, in his individual capacity, Rolf Breuer, in his individual capacity and Suzan J. Mitchell, Executrix of Edson Mitchell's Estate, Defendants–Appellees.**

**Docket No. 02–7852.**

United States Court of Appeals, Second Circuit.

March 14, 2003.

James A. Batson (Jeffrey L. Liddle; Christine A. Palmieri; David M. Marek, on the brief), Liddle & Robinson LLP, New York, NY, for Appellant.

Jeffrey Barist (Timothy P. Wei; Alyssa D. Englund, on the brief), Milbank Tweed Hadley & McCloy, New York, NY, for Appellees.

Present: OAKES, MESKILL and CABRANES, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

Plaintiff Paul Jacobson appeals from a judgment of the District Court entered June 21, 2002, granting defendant's motion for summary judgment pursuant to Fed. R.Civ.P. 56(c), on the grounds that no material issues of fact requiring a trial exist and defendants are entitled to judgment as a matter of law. *See Jacobson v. Deutsche Bank, A.G.*, 206 F.Supp.2d 590 (S.D.N.Y. 2002).

Plaintiff, a former employee of Deutsche Bank, A.G. ("Deutsche Bank"), brought an action for defamation against Rolf Breuer, Chief Executive Officer of Deutsche Bank, Edson Mitchell, his former supervisor,[1] and Deutsche Bank. The District Court granted summary judgment in favor of defendants holding that "Jacobson is unable to prove the most fundamental element of his case—that Breuer actually uttered the allegedly defamatory statements at issue. Because we find that the Federal Rules of Evidence mandate exclusion of

---

1. Mitchell died during the pendency of the litigation. His widow and executrix, Suzan J. Mitchell, was accordingly substituted as a defendant.

the single piece of evidence offered by plaintiff to satisfy his burden on this element, we grant defendants' motion and dismiss the suit with prejudice." *See Jacobson v. Deutsche Bank A.G.,* 206 F.Supp.2d 590 (S.D.N.Y.2002).

Plaintiff alleged that Breuer made defamatory statements to Wolfgang Reuter, a reporter for the Bloomberg News Service ("Bloomberg"), in German, after a speech by Breuer to the Frankfurt Law Society in Frankfurt, Germany on March 3, 1998. The following day, March 4, 1998, Bloomberg issued a news report at 12:48 p.m. ("Article One"), and a second, revised news report at 4:32 p.m. ("Article Two") that attributes certain quotations to Breuer.[2] Jacobson's complaint claims that Breuer's statements defamed him by, *inter alia,* falsely blaming him for bond trading losses, falsely stating that he was "dismissed" from Deutsche Bank, and implying that he was a "loser."

Breuer denies having made the statements attributed to him in Article One and denies even uttering Jacobson's name during the March 3, 1998 interview. *Jacobson,* 206 F.Supp.2d at 591–92 (S.D.N.Y. 2002). Hartwig, the other Deutsche Bank employee present during the interview, also denies that Breuer made the allegedly defamatory statements at issue. *Id.* Reuter, the reporter for Bloomberg, invoked the journalist's privilege available under German law and refused to answer any questions regarding the interview. Jacobson exhausted all appeals of the Frankfurt District Court's order upholding Reuter's assertion of privilege to no avail. *Id.* at 592.

We review a grant of summary judgment *de novo. See Fujitsu Ltd. v. Fed. Express Corp.,* 247 F.3d 423, 428 (2d Cir. 2001). We view the evidence in the light most favorable to Jacobson, drawing all reasonable inferences in his favor and determine whether there is indeed no issue of material fact in dispute. *Id.*

We review a District Court's evidentiary rulings for abuse of discretion. *See, e.g., Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.,* 302 F.3d 83, 92 (2d Cir.2002) (holding that "[w]e reverse an evidentiary ruling by the District Court only if it is 'manifestly erroneous' such that the admission constitutes an abuse of discretion") (citations omitted); *Schering Corp. v. Pfizer, Inc.,* 189 F.3d 218, 224 (2d Cir.1999) (same). "An evidentiary ruling that is an abuse of discretion is, however, only re-

---

**2.** Article One states in relevant part:

> ... Deutsche Bank is cutting costs in its North American investment banking business, Breuer said.
>
> "We are dismissing people who haven't performed," Breuer said, "there are losers in the bank and we are getting rid of them."
>
> Breuer admitted that the bank had a "very bad fourth quarter in bonds trading out of New York, and as a result we've dismissed Paul Jacobson." Jacobson was the head of the North American fixed-income sales business.

Special App. at 3. At 4:32 p.m. on March 4, 1998, Bloomberg issued a second article ("Article Two"), entitled "Deutsche Bank to Cut Costs, Retain U.S. Business." Article Two is nearly identical to Article One, except that much of the allegedly defamatory material was excised:

> ... Deutsche Bank is cutting costs in its North American investment banking business, Breuer said.
>
> "We are dismissing people who haven't performed," Breuer said, "there are losers in the bank and we are getting rid of them."
>
> Breuer admitted that the bank had a very bad fourth quarter in bonds trading out of New York, ~~"and as a result we've dismissed Paul Jacobson."~~ *though he declined to give specific results for the unit.* Paul Jacobson, who was the head of the North American fixed-income sales business, *resigned late last year, the company said.*

*Id.* at n. 5 (altered to illustrate textual differences between Articles One and Two).

**432**

versible if it also affects a party's substantial rights." *Schering Corp.*, 189 F.3d at 224 (citing Fed.R.Evid. 103(a)). The exclusion of a party's evidence in support of a material fact, and the concomitant failure by the party to prove that fact (as a result of the exclusion) defeats that party's claim, would affect plaintiff's substantial rights. *See O'Neal v. Esty*, 637 F.2d 846, 848 (2d Cir.1980).

On appeal plaintiff argues that the two Bloomberg articles which allegedly quote Breuer are: (1) admissible as adoptive admissions which are not hearsay, pursuant to Fed.R.Evid. 801(d)(2)(b);[3] (2) alternatively, if the two articles are hearsay, they are admissible under the residual or catch-all exception to the hearsay rule; and (3) that the District Court improperly failed to consider whether the second article was defamatory by implication.

## CONCLUSION

We have considered all of plaintiff's claims on appeal and, substantially for the reasons stated by the District Court in its Memorandum and Order dated June 14, 2002, we hereby **AFFIRM** the judgment of the District Court.

---

**3.** Fed.R.Evid. 801(d)(2)(B) states in relevant part, that a statement is not hearsay when "[t]he statement is offered against a party and

is ... (B) a statement of which the party has manifested an adoption or belief in its truth...."